<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

─────────────

**No. 10-4627**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

TYRONE DOUGLAS BROWN,

                Defendant - Appellant.

─────────────

**No. 10-4790**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

TYRONE DOUGLAS BROWN,

                Defendant - Appellant.

─────────────

Appeals from the United States District Court for the District of South Carolina, at Spartanburg.  Henry F. Floyd, District Judge. (7:09-cr-00427-HFF-2; 7:09-cr-00570-HFF-1)

─────────────

Submitted:  June 27, 2011          Decided:  June 30, 2011

─────────────

Before WILKINSON, KING, and DIAZ, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

———————————

Michael Chesser, Aiken, South Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Brown pled guilty without a plea agreement, in two separate proceedings, to use of a firearm in connection with a crime of violence, 18 U.S.C. § 924(c) (2006); carjacking, 18 U.S.C. § 2119(1) (2006); and possession with intent to distribute more than five grams of crack cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (2006). The district court sentenced Brown to 120 months of imprisonment, plus a consecutive eighty-four-month sentence for the § 924(c) offense, for a total term of 204 months. Brown's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning the adequacy of Brown's guilty plea hearing. In addition, Brown has filed a supplemental pro se brief in which he asserts, first, that his sentence is unreasonable because the sentence imposed for his § 924(c) offense should run concurrently with the 120-month sentence. Second, Brown argues that the Fair Sentencing Act of 2010 should be applied retroactively to his sentence. Finding no error, we affirm.

Our review of the record reveals that the district court fully complied with the requirements of Fed. R. Crim. P. 11 in accepting Brown's guilty pleas. Rule 11 requires the district court to address the defendant in open court and inform him of the following: the nature of the charge; any mandatory

3

minimum sentence and the maximum possible sentence; the applicability of the Sentencing Guidelines; the court's obligation to impose a special assessment; the defendant's right to an attorney; his right to plead not guilty and be tried by a jury with the assistance of counsel; his right to confront and cross-examine witnesses; his right against self-incrimination; and his right to testify, present evidence, and compel the attendance of witnesses. The defendant also must be told that a guilty plea waives any further trial and that his answers at the proceeding may be used against him in a prosecution for perjury. Under Rule 11(b)(2), the court must address the defendant to determine that the plea is voluntary. The court must determine a factual basis for the plea under Rule 11(b)(3) and require disclosure of any plea agreement under Rule 11(c)(2). The district court complied with each of these requirements.

Brown's challenge to the consecutive term imposed with respect to his § 924(c) offense is foreclosed by Abbott v. United States, 131 S. Ct. 18, 23 (2010) (holding that a defendant who is subject to a mandatory consecutive sentence under § 924(c) is not spared from that sentence by virtue of receiving a higher mandatory minimum sentence on a different count of conviction). See also United States v. Studifin, 240 F.3d 415 (4th Cir. 2001).

4

The Fair Sentencing Act (FSA) was signed into law on August 3, 2010, nine months after Brown was sentenced. We have recently held that the FSA is not retroactively applicable. United States v. Bullard, ___ F.3d ___, No. 09-5214, 2011 WL 1718894, at *9-11 (4th Cir. May 6, 2011).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Brown's conviction and sentence. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED